IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nokomis Adams, | C/A No. 2:17-cv-3271-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On January 29, 2019, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be reversed and remanded. ECF No. 13. On February 11, 2019, the Commissioner filed objections to the Report. ECF No. 15. On February 14, 2019, Plaintiff filed a Reply. ECF No. 16. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report

1

that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## BACKGROUND

Plaintiff applied for DIB and SSI in July 2014, alleging that she has been disabled since January 29, 2012, due to diabetes, hypertension, depression, anxiety and PTSD. Plaintiff's claims were denied initially, and Plaintiff requested a hearing before

2

Administrative Law Judge ("ALJ"). The ALJ denied Plaintiff's claims in a written decision. Plaintiff asked the Appeals Council to review the ALJ's decision; however, the Appeals Council denied Plaintiff's request, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

In her request for judicial review, Plaintiff raises four claims. First, Plaintiff alleges the ALJ improperly discounted her treating psychologist's opinions. Second, Plaintiff contends the ALJ improperly assessed her mental RFC. Third, Plaintiff claims the ALJ improperly evaluated her testimony's consistency with other evidence. Finally, Plaintiff contends the ALJ provided the vocational expert flawed hypothetical questions.

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable legal standards in her Report, which the Court incorporates by reference. The Magistrate Judge evaluated the merits of Plaintiff's arguments and found Plaintiff's third claim meritorious. In that regard, the Magistrate Judge found that the ALJ's evaluation of Plaintiff's subjective complaints was insufficient to allow judicial review. Therefore, the Magistrate Judge recommended remanding the case so that the ALJ may provide the requisite analysis.[1] The Commissioner filed Objections, claiming the Commissioner properly evaluated Plaintiff's subjective complaints.

## **DISCUSSION**

The Commissioner contends the ALJ issued a well-reasoned opinion with a credibility determination that is supported by substantial evidence. In Reply, Plaintiff contends that the "ALJ made no more than a boilerplate finding on [Plaintiff's] statements

---

[1] The Magistrate Judge did not address Plaintiff's remaining allegations of error, but noted the ALJ should consider Plaintiff's remaining allegations of error on remand.

3

by finding they were inconsistent with the evidence without specifying what statements were found inconsistent with other[s] nor what other evidence those statements allegedly conflicted with." ECF No. 16 at 2. The Court agrees with Plaintiff and overrules the Commissioner's objections.

The Report thoroughly outlines the regulations applicable to evaluating subjective complaints, including the two-step that the ALJ must use. *See* ECF No. 13 at 5–6. The Court has reviewed the ALJ's decision, which merely summarily concludes Plaintiff's subjective complaints are unsupported by the medical evidence. *See* ECF No. 7-2 at 17 ("At the February 10, 2017, hearing, the claimant appeared and gave testimony that was inconsistent and unsupported by her medical evidence of record."). Yet, the ALJ's decision does not identify what parts of Plaintiff's testimony about her symptoms were inconstant with other evidence. As the Report correctly notes, SSR 16-3p requires such specificity. *See* ECF No. 13 at 6–7 (discussing the regulation's requirements for specific discussion of inconsistencies). Moreover, the ALJ did not discuss the relevant factors for evaluating symptoms *at all*, much less demonstrate that he actually considered the factors. To that end, this Court rejects Commissioner's argument that reviewing courts must rubber stamp an ALJ's decision that contains merely a blanket statement that the ALJ has considered the relevant regulations. *See* ECF No. 15 at 4.

## **CONCLUSION**

For the reasons set forth above, the Court adopts the Report, reverses the decision of the Commissioner, and remands pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation of Plaintiff's claim as indicated above.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 20, 2019
Spartanburg, South Carolina